448 F.3d 601
 S.N., by her parents and natural guardians J.N. and K.N., Plaintiff-Appellant,
v.
PITTSFORD CENTRAL SCHOOL DISTRICT, and Office of State Review, New York State Department of Education, Defendants-Appellees.
Docket No. 05-1505-CV.
 United States Court of Appeals, Second Circuit.
 Argued: December 12, 2005.
 Decided: April 28, 2006.
 
 Juan A. Nevarez, Nevarez & Nevarez, Rochester, NY, for Plaintiff-Appellant.
 Brian Laudadio, Harris Beach LLP, Pittsford, NY, for Defendants-Appellees.
 Before: FEINBERG, B.D. PARKER, and CUDAHY,* Circuit Judges.
 FEINBERG, Circuit Judge.
 The issue before us is whether a parent who is also an attorney can receive attorneys' fees for the representation of his child in a suit brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1487.[1] We hold he cannot. Plaintiff-appellant S.N. has been represented by her father in state and federal proceedings to contest the removal of certain home-tutoring provisions from her Individualized Education Program ("IEP"). After reaching a settlement with defendants-appellees Pittsford Central School District and the Office of State Review, S.N. requested attorneys' fees under the IDEA. See 20 U.S.C. § 1415(i)(3)(B). The United States District Court for the Western District of New York (Siragusa, J.) denied the motion and dismissed the complaint with prejudice. We affirm.
 
 I. BACKGROUND
 
 1
 S.N. was a student in the Pittsford Central School District ("District") when she filed the complaint in this action in November 2003. During the 1997-1998 school year, when S.N. was in fourth grade, the District had developed an IEP to accommodate S.N.'s health and learning impairments. Prior to 2002, the IEP incorporated, by reference to S.N.'s Individual Health Plan, provisions entitling S.N. to one-on-one home tutoring after three consecutive days of absence from class. Standard District policy provides for home tutoring only after 10 days. In March 2002, the District's Committee on Special Education amended S.N.'s IEP and removed all incorporating references to S.N.'s health plan over the objection of her parents. S.N.'s parents requested an impartial due process hearing to address this change, at which S.N. was represented by her father, a licensed attorney. In July 2002, an impartial hearing officer held that the Committee had to reinstate the home-tutoring provisions directly into the IEP. In July 2003, that decision was reversed on appeal before a State Review Officer of the New York State Education Department.
 
 
 2
 S.N., still represented by her father, filed her complaint in the district court in November 2003 alleging violations of the IDEA and requesting attorneys' fees. In August 2004, the parties agreed to a settlement whereby the District included the previously excised tutoring provision in the IEP and S.N. agreed to withdraw her complaint with prejudice. These terms were included in a stipulation and order that also called for the district court to retain jurisdiction to allow a motion by S.N. for attorneys' fees. In November 2004, S.N. filed such a motion against the District.
 
 
 3
 The district court denied S.N.'s motion in March 2005 and dismissed the complaint with prejudice. The court reasoned that parent-attorneys cannot recover attorneys' fees under IDEA § 1415 because attorneys'-fee provisions "assume the existence of a paying relationship between a client and a retained attorney, and are intended to assist litigants, who could not otherwise afford to do so, to retain independent counsel." S.N. v. Pittsford Cent. Sch. Dist., No. 03-CV-6587, slip op. at 6 (W.D.N.Y. Mar. 9, 2005). S.N. appeals.
 
 II. DISCUSSION
 
 4
 The IDEA provides district courts with the discretion to "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B).[2] We generally review a district court's denial of attorneys' fees under the IDEA for abuse of discretion. A.R. ex rel. R.V. v. N.Y. City Dep't of Educ., 407 F.3d 65, 73 (2d Cir.2005). The district court's interpretation of the IDEA, however, is a legal conclusion we review de novo. Id.
 
 
 5
 The question whether a parent representing his child in an IDEA case can obtain attorneys' fees is one of first impression in this Circuit. Two circuits have considered this issue and both have concluded that parent-attorneys cannot recover fees. Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 131 (3d Cir. 2001); Doe v. Bd. of Educ., 165 F.3d 260, 265 (4th Cir.1998), cert. denied, 526 U.S. 1159, 119 S.Ct. 2049, 144 L.Ed.2d 216 (1999).
 
 
 6
 Those circuits relied on the Supreme Court's reasoning in Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991), which held that an attorney representing himself was not entitled to attorneys' fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988 (1988) (current version at 42 U.S.C. § 1988(b)) (hereinafter "Civil Rights Attorney's Fees Awards Act" or " § 1988"). Like the IDEA, § 1988 gives district courts the discretion to award "a reasonable attorney's fee" to the prevailing party. The Supreme Court found that Congress enacted § 1988 primarily "to enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." Kay, 499 U.S. at 436, 111 S.Ct. 1435. The Court also noted that "[a] rule that authorizes awards of counsel fees to pro se litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf." Id. at 438, 111 S.Ct. 1435. Reasoning that "[e]ven a skilled lawyer who represents himself is at a disadvantage in contested litigation," the Court determined that the "statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." Id. at 437-38, 111 S.Ct. 1435.
 
 
 7
 The Supreme Court's concerns about awarding fees for pro se representation by attorneys under § 1988 are also relevant to parent-attorney representation under the IDEA. A rule that allows parent-attorneys to receive attorneys' fees would discourage the employment of independent counsel. Yet, just like an attorney representing himself, a parent-attorney representing his child "is deprived of the judgment of an independent third party in framing the theory of the case, ... formulating legal arguments, and in making sure that reason, rather than emotion," informs his tactical decisions. Kay, 499 U.S. at 437, 111 S.Ct. 1435. The danger that a parent-attorney would lack sufficient emotional detachment to provide effective representation is undeniably present in disputes arising under the IDEA. The statute itself recognizes that parents do and should have an intense personal interest in securing an appropriate education for their child. See, e.g., 20 U.S.C. § 1400(c)(5) ("[Y]ears of research and experience has demonstrated that the education of children with disabilities can be made more effective by ... strengthening the role of parents and ensuring that families of such children have meaningful opportunities to participate in the education of their children ....") (current version at 20 U.S.C.A. § 1400(c)(5) (West Supp.2005)); Schaffer ex rel. Schaffer v. Weast, ___ U.S. ___, ___, 126 S.Ct. 528, 532, 163 L.Ed.2d 387 (2005) (noting that "[t]he core of the [IDEA] ... is the cooperative process that it establishes between parents and schools," and describing the "significant role" that "[p]arents and guardians play ... in the IEP process"). In order to best promote the effective litigation of a child's meritorious claims under the IDEA, we hold that attorney-parents are not entitled to attorneys' fees under § 1415(i)(3)(B).
 
 
 8
 S.N. suggests several reasons for distinguishing Kay, none of which we find persuasive. First, S.N. notes that this Court has recognized that attorney-parents are not acting in a pro se capacity when they bring a suit on behalf of their child under the IDEA. See Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125-26 (2d Cir. 1998) (per curiam) (requiring counsel for claims brought under IDEA by parent on behalf of son but noting that parent can act pro se when bringing claims based on his rights as a parent). We acknowledge that S.N.'s request does not fall directly within the Supreme Court's holding in Kay, but nonetheless agree with the Third and Fourth Circuits that Kay is clearly relevant. See Woodside, 248 F.3d at 131; Doe, 165 F.3d at 263. For the reasons explained above, the need to encourage the procurement of independent counsel is as present here as it was in Kay.
 
 
 9
 Second, S.N. attempts to distinguish Kay based on differences between the Civil Rights Attorney's Fees Award Act analyzed in Kay and the IDEA. S.N. notes that while the IDEA fee-shifting provision is followed by a separate subsection listing services for which an award of attorneys' fees is prohibited, § 1988—the provision analyzed in Kay—is not. Compare IDEA, 20 U.S.C. § 1415(i)(3)(D), with 42 U.S.C. § 1988. S.N. argues that we should therefore interpret the IDEA according to the maxim "the expression of one thing is the exclusion of another," and find that Congress intentionally declined to prohibit fee awards for services rendered by parent-attorneys. See Matthew V. ex rel. Craig V. v. DeKalb County Sch. Sys., 244 F.Supp.2d 1331, 1337 (N.D.Ga.2003) (applying maxim to support IDEA fee awards to parent-attorneys). We have recently explained that we "interpret the IDEA's fee-shifting provisions in consonance with [§ ] 1988 and other federal civil fee-shifting statutes, unless there is a specific reason . . . not to do so." A.R. ex rel. R.V., 407 F.3d at 73 n. 9. The "difference" pointed out by S.N. between the Civil Rights Attorney's Fees Act and the IDEA is illusory: Both the version of § 1988 interpreted in Kay and the IDEA fee-shifting provisions prohibit attorneys' fees in certain circumstances. Section 1988's prohibitions simply happen to appear in the same subsection as the main fee-award provision, rather than in a subsequent subsection. Compare § 1988 (prohibiting courts from awarding fees to the United States), with IDEA § 1415(i)(3)(D) (disallowing attorneys' fees for services rendered during IEP meetings or subsequent to a written settlement offer to parents, subject to certain exceptions). This typographical difference does not provide a sufficient reason to interpret the IDEA fee-shifting provision differently from § 1988, nor does S.N.'s reference to a canon of construction persuade us to ignore the otherwise-relevant analysis in Kay. See Herman & MacLean v. Huddleston, 459 U.S. 375, 387 n. 23, 103 S.Ct. 683, 74 L.Ed.2d 548 (1982) ("[S]uch canons long have been subordinated to the doctrine that courts will construe the details of an act in conformity with its dominating general purpose." (internal quotation marks omitted)). In any event, even if we are wrong in this respect, and we do not think we are, Congress can easily amend the IDEA.
 
 
 10
 Finally, S.N. argues that the rule we adopt today could result in courts arbitrarily distinguishing between IDEA attorneys' fee requests filed by attorney-parents and those filed by more distant relatives. We simply note that the statute defines "parent," and that S.N.'s father clearly fits within the definition. 20 U.S.C. § 1401(19) (current version at 20 U.S.C.A. § 1401(23)(A) (West Supp.2005)).
 
 III. CONCLUSION
 
 11
 In sum, we have considered all of appellant's arguments for reversal[3] and find that they are without merit. We hold that a parent-attorney is not entitled to attorneys' fees under the IDEA for the representation of his or her own child. The order of the district court denying S.N.'s application for attorneys' fees and dismissing the action with prejudice is AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable Richard D. Cudahy, Circuit Court Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 [1]
 Unless otherwise noted, United States Code citations are to the 2000 Edition, Supplement 2
 
 
 [2]
 Various provisions of the IDEA, including the fee-shifting provision, were amended effective July 1, 2005, after S.N. appealed the district court's order. See Individuals with Disabilities Education Improvement Act of 2004, Pub.L. No. 108-446, 118 Stat. 2647. The previous and current version of the fee-shifting provision at issue in this case do not materially differ. Compare § 1415(i)(3)(B)(I), with 20 U.S.C.A. § 1415(i)(3)(B)(i)(I) (West Supp.2005)
 
 
 [3]
 For example, S.N. also cites cases from federal district courts and state courts that are clearly not controlling on us and in any event do not persuade us