**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSEPH WEISSBURG; ADRIA
WEISSBURG,
              *Plaintiffs-Appellants,*

                  v.

LANCASTER SCHOOL DISTRICT; JANIS
RIVERA, in her official capacity as
Director of Student Services of
Lancaster School District,
              *Defendants-Appellees.*

No. 08-55660

D.C. No.
2:07-cv-01921-
RGK-MAN

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted
October 8, 2009—Pasadena, California

Filed January 14, 2010

Before: Harry Pregerson, Stephen Reinhardt and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Pregerson

**COUNSEL**

Diane B. Weissburg, Diane Bargara Weissburg Law Offices, Marina del Rey, California, for the plaintiffs-appellants.

Carol J. Grogan, Schools Legal Service, Bakersfield, California, for the defendants-appellees.

---

**OPINION**

PREGERSON, Circuit Judge:

Joseph and Adria Weissburg ("Weissburgs") brought an action for attorneys' fees against Lancaster School District ("school district") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), on behalf of their child, Edward Weissburg ("Edward"). Edward is a seven-year-old child with developmental disabilities who is eligible for special education under the IDEA. In 2005, the district issued an assessment that classified Edward as mentally retarded, but concluded that he did not display autistic behavior. During the 2005-2006 and 2006-2007 school years, the Weissburgs repeatedly challenged this classification with the school district because the Weissburgs' psychologist had concluded that he was autistic, but not mentally retarded. The school district declined to change Edward's eligibility classification from mentally retarded to autistic.

The Weissburgs filed a due process complaint under 20 U.S.C. § 1415(b)(6)(A), in which they requested a private assessment of Edward's disability classification at public expense. The school district declined to provide a private assessment, but conducted its own comprehensive assessment of Edward's disability on June 14, 2006. After conducting its assessment, the school district concluded that Edward was not autistic and maintained that Edward qualified for special edu-

cation under the IDEA as mentally retarded. Shortly thereafter, the school district filed a due process complaint[1] to obtain a determination that its assessment of Edward's eligibility classification and educational needs was appropriate. This complaint was consolidated with the Weissburgs' complaint.

After the consolidated due process hearing, the Administrative Law Judge ("ALJ") concluded that the June 14, 2006 assessment was appropriate, but that the disability classification was "flawed" because Edward should have been eligible for special education under both the mental retardation and autism classifications. Despite the misclassification, the ALJ determined that Edward had not been denied a free and appropriate public education (FAPE). In other words, even though Edward was not classified as autistic, as he should have been, he nonetheless received the educational benefits to which he was entitled under IDEA.

The first question presented in this appeal is whether the ALJ's conclusion that the school district misclassified Edward qualifies the Weissburgs for attorneys' fees under the IDEA as a prevailing party, even though Edward was not denied a FAPE. We hold that the Weissburgs are a prevailing party because the change in disability classification legally entitles Edward to instruction by teachers qualified to teach students with both mental retardation and autism. Although Edward did, in fact, receive instruction by a qualified teacher, prior to the ALJ's decision, the school district refused to recognize his classification as autistic, and thus his legal right to such instruction.

Second, we consider whether the Weissburgs are ineligible for attorneys' fees under the IDEA because Edward's grandmother, a practicing attorney, represented him. We decline to

---

[1]Under the IDEA, *any* party may request a due process hearing when there is a dispute about the identification, evaluation, or educational placement of a child. 20 U.S.C. § 1415(b)(6)(A).

extend our bright-line rule that prohibits attorney-parents from receiving attorneys' fees to situations where a more distant relative represents the child. Accordingly, we hold that the Weissburgs are eligible for attorneys' fees even though Edward was represented by his grandmother.

### I.    *The Weissburgs Are a Prevailing Party Under the IDEA*

We review de novo whether a party is a prevailing party. *See V.S. v. Los Gatos-Saratoga Joint Union High Sch.*, 484 F.3d 1230, 1232 (9th Cir. 2007). The IDEA provides that the court "may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). "A prevailing party is one who 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.' " *Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 825 (9th Cir. 2007) (quoting *Parents of Student W. v. Puyallup Sch. Dist., No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994)). This success must materially alter the legal relationship between the parties. *Id.* (citing *Parents of Student W.*, 31 F.3d at 1498 and *Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1034-37 (9th Cir. 2006)).

The district court concluded that the Weissburgs were not a prevailing party because a change in disability classification alone did not materially alter the legal relationship between Edward and the school district. The district court found dispositive the ALJ's conclusion that Edward had not been denied a FAPE because the IDEA does not provide a right to proper classification. For the reasons set forth below, we hold that the district court erred in concluding that the Weissburgs were not a prevailing party entitled to attorneys' fees under the IDEA.

## A.    The Denial of a FAPE is Not Required for a Parent to Qualify as a Prevailing Party

[1] At the threshold, we note that a student need not be deprived of a FAPE for his parents to qualify as a prevailing party. To hold otherwise would be contrary to Supreme Court precedent, which provides that "[t]he touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties . . . ." *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989). Although the denial of a FAPE is a common basis for conferring prevailing party status, attorneys' fees are awarded under many other circumstances.[2] Accordingly, the ALJ's conclusion that the school district had not denied Edward a FAPE should not determine whether the Weissburgs are entitled to attorneys' fees under 20 U.S.C. § 1415(i)(3)(B).

## B.    Prevailing on an Eligibility Category Determination Alters the Legal Relationship Between the Parties

[2] The district court correctly determined that IDEA does not give a student the legal right to a proper disability classification. *See* 20 U.S.C. § 1412(a)(3)(B) ("Nothing in [the IDEA] requires that children be classified by their disability so long as each child who has a disability listed in [§ 1401] and who, by reason of that disability, needs special education

---

[2]*See*, *e.g.*, *Koswenda v. Flossmoor Sch. Dist. No. 161*, 227 F. Supp. 2d 979, 992, 997 (N.D. Ill. 2002) (holding that parents were prevailing parties when the ALJ granted partial relief, even though the ALJ found no denial of a FAPE); *Hall v. Detroit Pub. Sch.*, 823 F. Supp. 1377 (E.D. Mich. 1993) (holding that parent was a prevailing party when her lawsuit enabled her son to receive a timely hearing); *Lillbask ex rel. Mauclaire v. Connecticut Dep't of Educ.*, No. 3:97 CV 1202 (PCD), 2006 U.S. Dist. LEXIS 24263, at *10 (D. Conn. Mar. 17, 2006) (holding that parent was a prevailing party because the court entered declaratory judgment providing that a hearing officer possesses jurisdiction to consider safety challenges to Individualized Education Plans, even though it would only benefit the student in the future).

and related services is regarded as a child with a disability under [the IDEA].”). The district court erred, however, in failing to consider the legal ramifications of a change in disability classification.

**[3]** Although the IDEA does not confer a legal right to proper disability classification, legal ramifications do arise from a student's disability classification. For example, special education teachers must possess credentials specific to a child's primary disability.[3] *See* Cal. Code Regs. Tit. 5, § 80046.5 (“Credential holders who are authorized to serve children with disabilities must possess a credential that authorizes teaching the primary disability of the pupils . . . .”). Here, it is undisputed that Edward's teacher was qualified to teach children whose primary disabilities included mental retardation and autism. Nevertheless, the question is whether the change in Edward's disability classification altered the *legal* relationship between the parties. Absent the change in disability classification, Edward did not have a legal right to

---

[3]The school district argues that the teacher credentialing argument is waived because it was not raised below. This argument fails. Although the Weissburgs did not raise this argument below, they did assert a claim for attorneys' fees. Accordingly, the Weissburgs are free to make any argument in support of that claim on appeal. *See Yee v. City of Escondido*, 503 U.S. 519, 534 (1992). *See also United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 1991) (“[T]he Supreme Court has made clear [that] it is claims that are deemed waived or forfeited, not arguments.”).

Moreover, an exception to waiver exists when “the issue is purely one of law, does not affect or rely upon the factual record developed by the parties, and will not prejudice the party against whom it is raised.” *Janes v. Wal-Mart Stores, Inc.*, 279 F.3d 883, 888 n.4 (9th Cir. 2002) (citing *United States v. Patrin*, 575 F.2d 708, 712 (9th Cir. 1978)). Here, the credentialing argument is related to the ultimate question of whether the Weissburgs are a prevailing party, which is a question of law that does not depend on the factual record. *See V.S.*, 484 F.3d at 1232. Moreover, the school district is not prejudiced because it briefed the merits of this argument on appeal. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004). Accordingly, we may consider the credentialing argument.

instruction by a teacher qualified to teach a student with mental retardation and autism. Before his classification was changed, Edward could have been placed under the care and instruction of a teacher who was not qualified to teach a student with autism.

**[4]** We hold that a change in eligibility category materially alters the legal relationship between the parties because it *entitles* Edward to placement in a classroom with a teacher qualified to teach students with the primary disabilities of mental retardation and autism. Although Edward did, in fact, receive placement in the proper classroom, the school district refused to recognize his additional primary disability of autism, and thus his legal right to such placement, until his eligibility category was changed. Accordingly, we hold that the Weissburgs qualify as prevailing parties under the IDEA and are thereby eligible for attorneys' fees at the discretion of the court.

## II.   *The IDEA Authorizes Attorneys' Fees for Legal Services Provided by a Family Member Who is Not a Parent*

**[5]** We next consider whether the Weissburgs are ineligible for attorneys' fees under the IDEA because Edward's grandmother, Diane B. Weissburg, represented him. In *Ford v. Long Beach Unified Sch. Dist.*, 461 F.3d 1087 (9th Cir. 2006), we adopted a bright line rule prohibiting attorneys' fees for attorney-parents who provide legal services for their own child in proceedings brought under the IDEA. *Id.* at 1090-91. *Accord S.N. ex rel. J.N. v. Pittsford Cent. Sch. Dist.*, 448 F.3d 601 (2d Cir. 2006); *Woodside v. Sch. Dist. of Phila. Bd. of Educ.*, 248 F.3d 129 (3d Cir. 2001); *Doe v. Bd. of Educ. of Balt. County*, 165 F.3d 260 (4th Cir. 1998). We held that, although attorney-parents will provide independent, emotionally detached representation in some cases, a bright-line prohibition would better serve Congress' intent to ensure that children with disabilities benefit from the judgment of an

independent third party when their rights under the IDEA are violated. *Ford*, 461 F.3d at 1090-91.

[6] We decline to extend this limitation on attorneys' fees to a grandparent who provides legal representation to his or her grandchild in proceedings brought under the IDEA. Unlike parents,[4] who have a special role under the IDEA as the enforcers of their children's education rights, other relatives are not so uniquely invested in IDEA proceedings. *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 53-54 (2005) (describing the "cooperative process" that the IDEA establishes between parents and schools, and identifying the special role that parents play in enforcing their children's educational rights under the IDEA). Accordingly, even though parents are not eligible to receive attorneys' fees when they represent their children themselves, a parent is eligible to receive attorneys' fees when a non-parent relative provides legal representation for their child. *Cf. S.N.*, 448 F.3d at 605 (rejecting the argument that a rule denying recovery of attorneys' fees to parents would create an arbitrary distinction between parents and more distant relatives because the IDEA provides a clear statutory definition of "parent").

[7] Here, Edward was represented by his paternal grandmother. She is not his legal guardian, and there is no evidence that she was acting in the place of his natural or adoptive parent. Accordingly, the Weissburgs are eligible to receive attorneys' fees for the representation provided by Edward's grandmother in these IDEA proceedings.

---

[4]A "parent" is defined under the IDEA to include: (1) natural adoptive, or foster parents; (2) a guardian, unless the child is a ward of the State; or (3) an individual acting in the place of a natural or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare. 20 U.S.C. § 1401(23).

### III.  *Conclusion*

For the foregoing reasons, the district court's judgment in favor of the school district is REVERSED. The case is hereby REMANDED to the district court for a calculation of the fee award.