NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY BEEMAN AND PHARMACY SERVICES, INC., DBA Beemans Pharmacy; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ANTHEM PRESCRIPTION MANAGEMENT, INC.; et al., <br><br> Defendants-Appellees. | No. 18-55196 <br><br> D.C. Nos. <br> 5:04-cv-00407-VAP-KK <br> 5:02-cv-01327-VAP-KK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted June 4, 2019
Seattle, Washington

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

This case returns to the Ninth Circuit for the third time in its seventeen-year

course. The Plaintiffs-Appellants here litigated their claims in parallel state and

federal court actions. The state court reached final judgment first, holding

unconstitutional the California statute that provides Appellants a cause of action. In

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

2007, then, the federal district court held on a motion for summary judgment that Appellants' claims in federal court were barred by claim and issue preclusion. Twelve years later, after a series of procedural steps and after the district court entered final judgment in 2018, Appellants timely appeal the district court's summary judgment order.

Appellants' core claim is that a 2013 California Supreme Court decision (a decision rendered in this litigation holding the California statute *constitutional*) overrules the basis of the state court decision accorded preclusive effect by the federal district court in 2007. That intervening development, Appellants contend, implicates equitable exceptions to claim and issue preclusion.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We hold that Appellants waived the equitable exceptions now raised on appeal by their failure to raise such exceptions to the district court at any time between 2014—when we last remanded this case to the district court—and 2018—when the district court entered final judgment.

1. In the ordinary case, we "review de novo a district court's ruling on the availability of res judicata both as to claim preclusion and as to issue preclusion." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). But if preclusion is available, we review the district court's discretionary decision whether to apply it for abuse of discretion. *See, e.g.*, *SEC v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018).

2

Here, as a direct result of Appellants' failure to raise the contention that the California Supreme Court's 2013 decision supplies an equitable ground not to apply the preclusion doctrines, we have no district court finding to review for abuse of discretion. Appellants could have filed to the district court a motion for reconsideration of its summary judgment order at any point between 2014 and 2018. Such a motion would have afforded the district court the opportunity to exercise its discretion first. Excusing their failure to do so would penalize the *defendants*—through our de novo review, rather than an otherwise deferential abuse of discretion review.[1]

That would be a perverse result in light of waiver's basic purpose: to "offer[] appellate courts the benefit of the district court's prior analysis, and [to] prevent[] the parties from sand-bagging their opponents with new arguments on appeal." *Raich v. Gonzales*, 500 F.3d 850, 868 n.18 (9th Cir. 2007). Waiver is based on "fairness and judicial efficiency," *United States v. Flores-Payon*, 942 F.2d 556, 558 (9th Cir. 1991), and we cannot fault the defendants for Appellants' failure to

---

[1] Citing California cases, Appellants counter that the proper response is to review the district court's application of the preclusion doctrines entirely de novo. True, we apply California's *substantive* law regarding claim and issue preclusion. But "it is well established that rules regarding the appropriate standard of review . . . to be applied by a federal court sitting in diversity, are questions of federal law." *Freund v. Nycomed Amersham*, 347 F.3d 752, 762 (9th Cir. 2003). And we have repeatedly stated that we review the district court's decision to apply issue preclusion—after first reviewing de novo its availability—for abuse of discretion. *See, e.g., Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988).

raise this argument below. Accordingly, we hold—under the unique circumstances of this case—that they have waived it.

2. Appellants advance four counterarguments. First, Appellants contend that an exception to waiver applies for questions raising "pure[] [issues] of law" and that "will not prejudice the part[ies] against whom [they] are raised." *See Weissburg v. Lancaster Sch. Dist.*, 591 F.3d 1255, 1260 (9th Cir. 2010). But neither prong to the exception is met. Whether preclusion applies "is a mixed question of law and fact." *Robi*, 838 F.2d at 321. And if Appellants had raised this contention, "the parties could have conducted [additional] discovery on the claims and the court could have [adjudicated] them along with the others, thereby obviating" the need for further proceedings with "significant costs in money, effort, and time." *Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1152 (11th Cir. 2001).

Second, Appellants contend that they *did* suggest reconsideration to the district court, pointing to a footnote in a 2017 Joint Rule 26(f) report.[2] That is far too little to preserve the argument. After the defendants' counsel suggested the parties instead meet and confer, Appellants' counsel did not raise the argument

---

[2] That footnote stated: "It would be the height of irony, with Section 2527 being found constitutional, to not permit three of the plaintiffs who helped make that determination proceed with claims that, according to this Court's prior ruling, separately accrued after that date such that they would be a few of the only owners of licensed California pharmacies that would be unable to do so."

again. And the district court—with no pending motion in front of it—was under no obligation *sua sponte* to change its prior ruling.

Third, Appellants note that the defendants objected below that it was "too late for Plaintiffs' counsel to seek reconsideration," so they cannot now object that Appellants must "formally file the very reconsideration motion Defendants previously said Appellants could not file." This argument, unmoored from any doctrinal framework, might charitably be read as sounding in judicial estoppel. But estoppel requires, at a minimum, assertion of "an inconsistent position." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). There's nothing inconsistent about opposing a motion to reconsider on either procedural or substantive grounds and simultaneously contending that the Appellants' failure to raise such a motion constitutes waiver.

Finally, Appellants suggest that there was no possible basis for reconsideration, so they weren't obligated to raise a motion for reconsideration. Although "a change of law occurring after the time [a] decision" is a basis for reconsideration (C.D. Cal. L.R. 7-18), Appellants note that the relevant law—the law of claim and issue preclusion—had *not* changed. But even if that premise is true, it would be irrelevant. The requirement to present issues first to the district court does not turn on whether it would have been futile to raise it. And the premise isn't true. When push comes to shove, Appellants admit that their claim to

5

an equitable exception to the preclusion doctrines *is* based on "an intervening change in the applicable legal context." Appellants now contend that when the California Supreme Court's 2013 decision undermined the basis for the district court's application of the preclusion doctrines. The district court never had the opportunity to consider that argument. We therefore hold it waived.

**AFFIRMED.**



***Beeman v. Anthem Prescription Management*, Case No. 18-55196**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.

*Beeman v. Anthem Prescription Management, Inc.*, No. 18-55196

BEA, Circuit Judge, concurring.

I agree the Appellants have waived their claim to an equitable exception to the preclusion doctrines by failing to raise it to the district court in a motion for reconsideration. Briefly, I write separately to highlight one point of confusion in our case law about the proper standard of review of the district court's decision to apply issue preclusion.

Our cases have stated uniformly that we review the district court's decision to apply issue preclusion for abuse of discretion. *See, e.g.*, *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988). This principle derives from the Supreme Court's decision in *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979). *Parklane Hosiery* concerned a situation called non-mutual "offensive issue preclusion": "when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has litigated unsuccessfully in an action with another party." *Id.* at 326 n.4. The Supreme Court recognized that offensive issue preclusion can present unique fairness concerns, for it can incentivize plaintiffs to wait on the sidelines, "in the hope that the first action by another plaintiff will result in a favorable judgment." *Id.* at 330.

In the face of this concern, the Supreme Court explained that rather than "preclude the use of offensive [issue preclusion]," "the preferable approach" is "to

1

grant trial courts broad discretion to determine when it should be applied." *Id.* at 331. The Supreme Court thus delegated to district courts the power to police the fairness of applying offensive issue preclusion. And since *Parklane Hosiery*, our court has repeatedly stated that if issue preclusion is available, we will review the district court's decision to apply issue preclusion "for abuse of discretion." *See, e.g.*, *Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986) (citing *Parklane Hosiery*, 439 U.S. at 331). But our repeated statements of the standard of review have not distinguished between cases of non-mutual "offensive issue preclusion" and "defensive issue preclusion."

In this case, the defendants have asserted issue preclusion against the same plaintiffs from an earlier proceeding—a paradigmatic case of mutual defensive issue preclusion. Under these circumstances, I simply see no basis for saying the district court is better-positioned than we are to gauge the "unfairness" (if any) to Appellants of applying issue preclusion. Absent such a basis, the concept of "broad discretion" to arrive at a decision seems no more than a delegation of unbridled power. It is not within my concept of legitimate judicial power for judges to exercise unbridled power and label it an exercise of discretion.

In an appropriate case, then, we should clarify that our standard of review for issue preclusion is entirely de novo, except in the narrow circumstance identified by the Supreme Court for non-mutual offensive issue preclusion. The

2

Third Circuit has recognized precisely this point, "reconcil[ing]" conflicting Third Circuit standard of review cases by noting that "plenary review" is "[t]he general rule" for issue preclusion, while "abuse of discretion" is the exception in cases involving non-mutual offensive issue preclusion. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 247-48 (3d Cir. 2006).

But, given our current case law, I would hold waived the Appellants' claimed equitable exceptions to the preclusion doctrines.