NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.M.; MARLA MCDONALD, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> OAKLAND UNIFIED SCHOOL DISTRICT, <br><br> Defendant-Appellee. | No. 19-15075 <br><br> D.C. No. 4:17-cv-04986-HSG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted February 14, 2020[**]
San Francisco, California

Before: RAWLINSON and CALLAHAN, Circuit Judges, and S. MURPHY,[***]
District Judge.

Plaintiffs-Appellants J.M. and her parent, Marla McDonald, appeal the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

district court's grant of summary judgment in favor of Oakland Unified School District (District) on the question of whether J.M. was a "prevailing party" entitled to attorney's fees under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3). J.M. argues that she prevailed at an administrative hearing, and is therefore entitled to reasonable attorney's fees, because the Administrative Law Judge (ALJ) ordered the District to (1) provide J.M. with certain educational records it had previously refused to provide, and (2) locate an interim alternative educational setting (IAES) for J.M. that met the criteria developed by J.M.'s expert witness and witnesses for the District. The district court held that these two victories achieved by J.M. were "technical, de minimis, or ephemeral," and that J.M. was therefore not entitled to attorney's fees as a prevailing party under the IDEA. The district court further held that, even if J.M. was a prevailing party, attorney's fees were unwarranted based on the totality of the record.

Reviewing the district court's determination of prevailing-party status de novo, *see Weissburg v. Lancaster Sch. Dist.*, 591 F.3d 1255, 1258 (9th Cir. 2010), and its ultimate determination of whether to grant attorney's fees for abuse of discretion, *see Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ.*, 788 F.3d 1033, 1040 (9th Cir. 2015), we affirm.[1]

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them at length here.

The IDEA provides that a court, "in its discretion, may award reasonable attorney's fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). "A prevailing party is one who succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Weissburg*, 591 F.3d at 1258 (quoting *Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811, 828 (9th Cir. 2007) (internal quotation marks and citation omitted)).

In order to establish prevailing-party status under the IDEA, a plaintiff "must demonstrate that the hearing officer's order created 'a material alteration of the legal relationship of the parties.'" *V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1233 (9th Cir. 2007) (quoting *Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857, 864 (9th Cir. 2007)). "[T]his means the hearing officer's order must give [the plaintiff] the ability to 'require[] the [school district] to do something [it] otherwise would not have to do.'" *Id.* (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)). A plaintiff who obtains relief that is "purely technical or de minimis" is not a prevailing party. *Id.* (quoting *Shapiro*, 374 F.3d at 865). Similarly, a plaintiff who earns only an "ephemeral" early victory, but who "loses on the merits as the case plays out and judgment is entered against her," is not a prevailing party entitled to attorney's fees. *Sole v. Wyner*, 551 U.S. 74, 86 (2007) (internal quotation marks

3

and citation omitted).

Attorney's fees awarded under the IDEA "are governed by the standards set forth by the Supreme Court in *Hensley* and its progeny." *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1121 (9th Cir. 2006) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)). Under *Hensley*, "the most critical factor [in determining a reasonable fees award] is the degree of success obtained." *Hensley*, 461 U.S. at 436. Although "a partially prevailing plaintiff generally may not recover fees for her unsuccessful claims," *Aguirre*, 461 F.3d at 1118, "the *degree* of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to eligibility for a fee award at all." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790 (1989) (emphasis in original). Ultimately,

> *Hensley* does not strip the district court of its discretion in awarding fees, nor does it eliminate flexibility in granting them. . . . [T]he rule is broad enough, in appropriate cases, to permit an award of full fees even where a party did not prevail on every contention. On the other hand, there are circumstances when even a plaintiff who formally prevails . . . should receive no attorneys' fees at all.

*Aguirre*, 461 F.3d at 1121 (internal quotation marks and citations omitted).

1.  We agree with the district court that J.M. was not a prevailing party, and therefore was not entitled to attorney's fees. From the outset of the litigation, J.M.'s parent, McDonald, opposed any public-school placement outside the general education curriculum. She specifically opposed J.M.'s placement at Highland

4

Academy, the IAES that was ultimately approved by the ALJ, and she opposed the educational placement criteria adopted by the ALJ. Thus, the district court soundly concluded that J.M.'s initial victory with respect to IAES placement was temporary and "ephemeral," and was overshadowed by the District's success with respect to J.M.'s ultimate placement at Highland Academy.

2. A more nuanced question is posed by the district court's rejection of J.M.'s prevailing party status in relation to her successful obtaining of education records under 20 U.S.C. § 1415(b)(1). We have held that a school district's failure to disclose such records, once they are requested, may in itself deny a student a Free Appropriate Public Education (FAPE). *See Amanda J. ex rel. Annette J. v. Clark Cty. Sch. Dist.*, 267 F.3d 877, 891, 894 (9th Cir. 2001) ("By mandating parental involvement and requiring that parents have full access to their child's records, Congress sought to ensure that the interests of the individual children were protected.") (citation omitted). We have also emphasized that a parent's ability to examine such records is essential to their right to informed consent, and that non-disclosure by a school district "violate[s] important procedural safeguards set forth in the IDEA." *L.J. by and through Hudson v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 1007–08 (9th Cir. 2017).

However, we need not determine whether the ALJ's order for educational records entitles J.M. to prevailing party status under *Amanda J. ex rel. Annette J.*

and *L.J. by and through Hudson*, because we find that the district court reasonably held that even if J.M. was considered a "prevailing party" based on the order, it would deny attorney's fees as a matter for discretion. Here, the district court ultimately ordered the public-school placement that J.M. opposed and noted that the administrative law judge had dismissed "J.M.'s affirmative claim, in its entirety, for failure to prosecute." In determining whether attorney's fees were reasonably awarded as a matter of discretion, we find that the district court reasonably applied the *Hensley* degree-of-success standard. *See Aguirre*, 461 F.3d at 1121. On this record, J.M. has not shown that the district court's denial of attorney's fees was an abuse of discretion. *See Sam K. ex rel. Diane C.*, 788 F.3d at 1040.

Accordingly, we AFFIRM.



***J.M. v. Oakland Unified School District***, **Case No. 19-15075**
**Rawlinson, Circuit Judge, concurring**

FILED

FEB 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I concur in the result.