**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J.G., | No. 23-55579 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-01268-JGB-E |
| v. | |
| LOS ANGELES UNIFIED SCHOOL DISTRICT, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted November 5, 2024
Pasadena, California

Before: SCHROEDER, CALLAHAN, and WALLACH,** Circuit Judges.

Appellant J.G. appeals from the Central District of California's denial of his

motion for reasonable attorney's fees under 42 U.S.C. § 12205 and 29 U.S.C. §

794a(b). We presume the parties' familiarity with the facts and do not discuss

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

them in detail here except as needed to provide context. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The Americans with Disabilities Act and the Rehabilitation Act allow a court to award reasonable attorney's fees only to a "prevailing party." 42 U.S.C. § 12205; 29 U.S.C. § 794a(b). A plaintiff is "prevailing" where the court's judgment "modif[ies] the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). However, the modification must force the defendant to do something it otherwise would not have to do. *Id*. at 113. For example, "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id*. Injunctive relief similarly satisfies this requirement by forcing a defendant to change its behavior. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). A declaratory judgment can also "constitute relief, for purposes of [prevailing party status], if, and only if, it affects the behavior of the defendant toward the plaintiff." *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988).

1. J.G. argues that the declaratory judgment allowed him to prevent the Los Angeles Unified School District ("LAUSD") from re-segregating him for the remainder of his time in the district, and thus affected LAUSD's behavior towards him sufficient to establish prevailing party status. It did not. The judgment was

entirely retrospective and said nothing about J.G.'s entitlements going forward. *Cf Weissburg v. Lancaster School District*, 591 F.3d 1255, 1260 (9th Cir. 2010) (finding prevailing party status because the judgment "*entitle[d]*" the student to a specific remedy).

J.G.'s placement at Lowman was based on a series of evaluations and assessments conducted on a periodic basis. As the record indicates, J.G.'s placement at Lowman was proper at one point, until it was not. If the assessments and evaluations were to again indicate that Lowman is the proper place for J.G., then LAUSD could again place J.G. there. The district court's declaratory judgment does not change this fact and thus is insufficient to make J.G. a prevailing party.

2. J.G. also argues that the district court's declaratory judgment will serve a collateral estoppel function in a pending state court action with LAUSD and thus constitutes a material alteration in the parties' legal relationship. However, the cases J.G. relies on indicate that the collateral estoppel effect of a judgment becomes relevant only *after* the court has determined that the plaintiff prevailed, when it is considering what amount of attorney's fees is reasonable. *See, e.g.*, *Wilcox v. City of Reno*, 42 F.3d 550, 555 (9th Cir. 1994).

3. J.G. further argues that the declaratory judgment achieves important public goals, but this also fails because when issued it did not allow J.G. to force

3

LAUSD to do anything it would not otherwise be required to do. *See Farrar*, 506 U.S. at 111–13. Further, whether the declaratory judgment achieves "important public goals" has been found to be relevant to determining the amount, if any, of attorney's fees to award after the plaintiff has attained prevailing party status, *see Mahach-Watkins v. Depee*, 593 F.3d 1054, 1062 (9th Cir. 2010), and is not a basis by itself to establish that the plaintiff is a "prevailing party."

**AFFIRMED.**