**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

REBECCA A. RICKLEY,
            *Plaintiff-Appellant,*

v.

COUNTY OF LOS ANGELES; WILLIAM
HOWARD; KEVIN PETROWSKY;
SOHEILA KALHOR; MICHAEL TRIPP;
RAJESH PATEL,
            *Defendants-Appellees.*

No. 09-56498

D.C. No.
2:08-cv-04918-
SVW-AGR

ORDER
AMENDING
OPINION AND
DENYING
PETITION FOR
PANEL
REHEARING AND
REHEARING EN
BANC AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted
February 10, 2011—Pasadena, California

Filed August 19, 2011
Amended October 4, 2011

18691

Before: Michael Daly Hawkins and Raymond C. Fisher,
Circuit Judges, and Mark L. Wolf, District Judge.*

Opinion by Judge Fisher

---

*The Honorable Mark L. Wolf, Chief United States District Judge for
the District of Massachusetts, sitting by designation.

## COUNSEL

Natasha Roit (argued), Malibu, California; Christopher L. Campbell, Los Angeles, California, for the appellant.

Andrea Sheridan Ordin, County Counsel, and Casey C. Yourn, Deputy County Counsel, Office of County Counsel, Los Angeles, California; Deborah J. Fox (argued) and Philip A. Seymour, Meyers, Nave, Riback, Silver & Wilson, Los Angeles, California, for the appellees.

---

## ORDER

The opinion filed August 19, 2011, slip op. 11191, and appearing at 2011 WL 3632788 (9th Cir. 2011), is amended as follows:

At slip op. 11205, 2011 WL 3632788, at *6, delete

> The County did not raise in the district court (and does not raise on appeal) an argument that Rickley should not recover attorney's fees for Roit's services because "special circumstances exist sufficient to render an award unjust." *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008) (quoting *Thomas*, 410 F.3d at 648) (internal quotation marks omitted). Having failed to raise this issue in the district court, the County has forfeited it. *See Fleischer Studios, Inc. v. A.V.E.L.A., Inc.*, 636 F.3d 1115, 1122 (9th Cir. 2011) (explaining that issues not raised before the district court are generally forfeited). The issue is not preserved for remand.

and replace it with

> The County does not raise on appeal its argument that Rickley should not recover attorney's fees for Roit's services because "special circumstances exist sufficient to render an award unjust." *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1126 (9th Cir. 2008) (quoting *Thomas*, 410 F.3d at 648) (inter-

nal quotation marks omitted). The issue is therefore not preserved for remand.

With this amendment, the panel has voted to deny Appellees' petition for panel rehearing. Judge Fisher has voted to deny the petition for rehearing en banc, and Judges Hawkins and Wolf so recommend.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

Appellees' petition for panel rehearing and the petition for rehearing en banc, filed September 2, 2011, are **DENIED**.

No further petitions for rehearing will be entertained.

---

## OPINION

FISHER, Circuit Judge:

Pursuant to 42 U.S.C. § 1988, we hold that a successful civil rights plaintiff may recover a reasonable attorney's fee for legal services performed by her attorney-spouse.

### BACKGROUND[1]

Rebecca Rickley filed this federal civil rights action against the County of Los Angeles and individual County employees (collectively, the "County"), alleging violations of her constitutional rights to free speech and equal protection. She alleged that the County harassed her in retaliation for her complaints about the County's failure to enforce building and safety codes against her Malibu neighbors.

---

[1]The facts are derived from the district court's fee order and the parties' summary judgment briefs.

Rickley and Natasha Roit are legally married and co-own property in Malibu where they both reside. Their home, as well as their neighbors' homes, are located in an area prone to landslides. Since at least 2001, Rickley and Roit have been complaining to the County regarding two of their neighbors' illegal construction and land use. Frustrated by the County's failure to stop the violations, Rickley and Roit, as co-plaintiffs, brought a civil action against their neighbors. After that civil action, which resulted in a permanent injunction against the neighbors, Rickley and Roit continued to complain to the County about their neighbors' building code violations, and the County continued to fail to act. A majority of the complaints to the County were lodged by Roit, although Rickley says that Roit made the complaints in her capacity as Rickley's attorney.

Rickley, as sole plaintiff, then filed this 42 U.S.C. § 1983 action against the County, alleging the County took actions against her and Roit in retaliation for her complaints. Rickley and the County eventually reached a settlement that reserved the determination of attorney's fees and costs to the district court. As the prevailing party, Rickley filed a motion to recover $145,930 in attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, including $124,510 for the legal work performed by lead attorney Roit and $21,420 for work performed by co-counsel Christopher L. Campbell. The district court granted Rickley's request for attorney's fees for Campbell in the amount of $13,770, but denied the request with respect to Roit.

In denying fees for Roit's legal services, the district court relied on *Kay v. Ehrler*, 499 U.S. 432 (1991), and *Ford v. Long Beach Unified School District*, 461 F.3d 1087 (9th Cir. 2006). In *Kay*, the Supreme Court held that § 1988 does not permit an award of attorney's fees to attorney-plaintiffs who represent themselves in successful civil rights actions. *See Kay*, 499 U.S. at 437-38. In *Ford*, we extended *Kay* and held that the Individuals with Disabilities Education Act (IDEA)

does not permit an award of attorney's fees to attorney-parents who represent their children in proceedings under the IDEA. *See Ford*, 461 F.3d at 1090-91. We said that permitting fees to be awarded for legal services rendered by attorney-parents would undermine the primary purpose of the IDEA's fee-shifting provision, which is to encourage parents "to seek independent, emotionally detached counsel for their children's IDEA actions." *Id.* at 1091 (quoting *Woodside v. Sch. Dist. of Phila. Bd. of Educ.*, 248 F.3d 129, 131 (3d Cir. 2001)) (internal quotation marks omitted). From *Kay* and *Ford*, the district court derived a general principle that attorney's fees may not be awarded under § 1988 other than for legal services performed by an "independent, emotionally detached counsel."

The court concluded that Roit, as Rickley's spouse and as the co-owner of the property subject to the litigation, could not satisfy this standard. The court noted that, although Rickley is the named plaintiff in the action, a majority of the complaints to the County were submitted by Roit. The court also noted that all of the County's alleged retaliatory actions were directed at Rickley and Roit jointly, and that Roit stood to gain in equal measure with Rickley from any benefits obtained through the litigation. The court accordingly concluded, under *Kay* and *Ford*, that Rickley was barred from recovering fees for Roit's legal work, explaining: "as the Ninth Circuit found that a parent-attorney cannot receive attorneys' fees under IDEA when she is representing her child because the parent lacks independence, the Court finds that in the current situation, Roit cannot receive attorney's fees because she is not an 'independent emotionally detached counsel.' "[2] Rickley timely appealed.

---

[2]The court also noted that Roit was a percipient witness to events giving rise to the lawsuit, creating the potential for a conflict of interest if Roit, as counsel, was called to testify at trial. The court raised this concern at a preliminary hearing, prompting the parties to enter into a stipulation wherein Roit agreed not to testify and to waive whatever rights she might have as a plaintiff or co-plaintiff and, in exchange, the County waived any right it might have to seek Roit's disqualification as trial counsel.

## STANDARD OF REVIEW

"Awards of attorney's fees are generally reviewed for an abuse of discretion." *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). "However, we only arrive at discretionary review if we are satisfied that the correct legal standard was applied and that none of the district court's findings of fact were clearly erroneous." *Id.* We review questions of law de novo. *See id.*

## DISCUSSION

The sole issue on appeal is whether the district court properly denied Rickley an award of attorney's fees for Roit's legal services. We hold that the district court erred.

### I.

Section 1988 provides that, "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Here, relying on *Kay* and *Ford*, the district court construed § 1988 as precluding an award of attorney's fees for services performed by an attorney lacking independence and emotional detachment, ruling that "Roit cannot receive attorney's fees because she is not an 'independent emotionally detached counsel.' " The court misconstrued the applicable precedents.

[1] In *Kay*, 499 U.S. at 437-38, the Supreme Court held that § 1988 does not permit awards of attorney's fees to pro se plaintiffs who, being attorneys, represent themselves in successful civil rights actions. The Court identified § 1988's "overriding statutory concern" as "the interest in obtaining independent counsel for victims of civil rights violations." *Id.* at 437. The Court described the object of the statute as "ensuring the effective prosecution of meritorious claims," *id.*, and held that awarding attorney's fees to pro se attorney-plaintiffs

would undermine that purpose by creating a disincentive for plaintiffs to retain independent — and hence effective — counsel:

> Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom. The adage that "a lawyer who represents himself has a fool for a client" is the product of years of experience by seasoned litigators.

> A rule that authorizes awards of counsel fees to *pro se* litigants — even if limited to those who are members of the bar — would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf. The statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case.

*Id.* at 437-38 (footnote omitted). The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.

**[2]** In *Ford*, 461 F.3d at 1090-91, we held that parents performing legal services for their children are not entitled to attorney's fees under the IDEA.³ We reasoned that, "[l]ike an

---

³The IDEA contains a fee-shifting provision similar to § 1988. The current version, which is materially indistinguishable from the version in

attorney appearing *pro se*, a disabled child represented by his or her parent does not benefit from the judgment of an independent third party." *Id.* at 1091. Quoting the Third Circuit's decision in *Woodside v. School District of Philadelphia Board of Education*, 248 F.3d 129, 131 (3d Cir. 2001), and the Fourth Circuit's decision in *Doe v. Board of Education*, 165 F.3d 260, 263 (4th Cir. 1998), we observed that "emotionally charged parent[s] . . . are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that reason, rather than emotion, will dictate the conduct of the litigation." *Ford*, 461 F.3d at 1091 (citations and internal quotation marks omitted). We recognized that, "on some occasions, attorney-parents will provide independent, reasoned representation to their children." *Id.* But we concluded that a per se bar on recovery of fees — "which presumes irrefutably that parents and guardians are *always* unable to provide independent, dispassionate legal advice — w[ould] better serve Congress' intentions." *Id.* Echoing *Kay*, we held that "[t]he statutory policy of furthering successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain [independent] counsel in every case." *Id.* (alteration in original) (quoting *Kay*, 499 U.S. at 438) (internal quotation marks omitted). We therefore held that the IDEA precludes an award of attorney's fees to attorney-parents representing their children.

In addition to *Ford*, we have applied *Kay* on two other occasions. In *Elwood v. Drescher*, 456 F.3d 943, 946-48 (9th Cir. 2006), we adopted a per se rule precluding an award of attorney's fees under § 1988 to pro se attorney-defendants. We decided that certain of the policies underlying *Kay* applied not only to plaintiffs who successfully represent themselves in civil rights actions, but also to defendants who do so.

effect at the time we decided *Ford*, provides that, "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i) (2006). *See Ford*, 461 F.3d at 1090 n.5.

In *Weissburg v. Lancaster School District*, 591 F.3d 1255, 1260 (9th Cir. 2010), which we decided after the district court's decision here, we declined to extend *Kay* and *Ford* "to a grandparent who provides legal representation to his or her grandchild in proceedings brought under the IDEA." We reasoned that, "[u]nlike parents, who have a special role under the IDEA as the enforcers of their children's education rights, other relatives are not so uniquely invested in IDEA proceedings." *Id.* (footnote omitted). We therefore held that the plaintiffs, who were the parents of a child with special education needs, were eligible to receive an award of attorney's fees for the legal representation provided by the child's attorney-grandmother in IDEA proceedings. *See id.* at 1261.

**[3]** The district court misconstrued these precedents as precluding an award of attorney's fees to Rickley because Roit "is not an independent emotionally detached counsel." First, neither § 1988 nor the IDEA imposes a general rule requiring counsel to be independent and emotionally detached. Neither the Supreme Court nor this court has ever adopted such a rule. Nor could such a rule be harmonized with *Weissburg*, where we awarded attorney's fees for legal services performed by an attorney-grandmother notwithstanding the grandmother's obvious emotional attachment to her grandson.

**[4]** Second, the district court misapplied the framework established in *Kay* by conducting an individualized rather than a categorical inquiry. *Kay*, *Ford*, *Elwood* and *Weissburg* did not ask whether a *particular* attorney was sufficiently independent or emotionally detached to provide effective representation. Rather, each of these cases addressed whether a *category* of lawyers should be excluded from § 1988 or the IDEA because that class of attorneys as a whole should be presumed to lack independence or detachment. *See Kay*, 499 U.S. at 437 (holding that the category of pro se attorney-plaintiffs are excluded from recovery under § 1988); *Ford*, 461 F.3d at 1091 (extending *Kay* to the category of attorney-parents under the IDEA); *Elwood*, 456 F.3d at 948 (extending

*Kay* to the category of pro se attorney-defendants); *Weissburg*, 591 F.3d at 1260-61 (declining to extend *Kay* to the category of nonparent relatives under the IDEA). By abandoning this categorical framework in favor of a specific inquiry into whether Roit *in particular* was sufficiently independent and emotionally detached to render effective representation, the district court misapplied *Kay*. The district court's denial of fees for Roit's services therefore rests on legal error.

## II.

The County acknowledges that the district court did not apply *Kay*'s categorical framework, but urges us to do so on appeal, contending that we should extend *Kay* and hold that successful civil rights plaintiffs are categorically barred from recovering attorney's fees under § 1988 for legal services performed by their attorney-spouses. We do not find the argument persuasive.

**[5]** Married couples have strong emotional bonds with one another. The County is therefore certainly correct that there exists some risk that an attorney who represents her spouse in a civil rights action may allow emotion to cloud her independent legal judgment. But we see no reason to presume that attorney-spouses are, as a general proposition, "unable to provide independent, dispassionate legal advice." *Ford*, 461 F.3d at 1091. There is therefore no basis for a bright-line prohibition on awarding fees to successful civil rights plaintiffs who are represented by their attorney-spouses.

**[6]** *Ford*, upon which the County heavily relies, is distinguishable. As we explained in *Weissburg*, the rule we adopted in *Ford* was justified not only by the close relationship between a parent and a child, but also by the "special role" parents play under the IDEA's statutory framework. *Weissburg*, 591 F.3d at 1260. The IDEA designates parents as "enforcers of their children's education rights," making them "uniquely invested in IDEA proceedings." *Id.* (citing *Schaffer*

*ex rel. Schaffer v. Weast*, 546 U.S. 49, 53-54 (2005) (describing the significant statutory role parents serve in making educational decisions under the IDEA)).**⁴** Spouses serve no comparable function in federal civil rights actions. They have no "special role" under § 1983. Nor are they designated by any statute to "enforce" their spouses' federal civil rights. And they are not, by statutory design, "uniquely invested" in their spouses' § 1983 proceedings.

**[7]** The courts to have addressed this question, though few in number, have uniformly held that *Kay* should not be extended to attorney-spouses. In *Mahtesian v. Snow*, Nos. 03-5372MMC & 04-1306MMC, 2004 WL 2889922 (N.D. Cal. Dec. 14, 2004), the court properly noted the absence of any authority "in which the reasoning in *Kay* has been extended to cases in which the client and the attorney are spouses or, for that matter, adults in any type of familial relationship." *Id.* at *4. The court also reasoned that, "[u]nlike the situation presented in the attorney-parent cases, an adult client can be presumed to . . . have made an informed choice as to whether his spouse can fairly represent his interests." *Id.* The court accordingly declined to extend *Kay* to attorney's fees sought under § 1988 for legal services provided to a successful civil rights plaintiff by the plaintiff's attorney-spouse. *See id.*; *see also Bennett v. Smith*, No. 96 C 2422, 2002 WL 169323, at *2 (N.D. Ill. Feb. 1, 2002) (concluding that *Kay* does not prohibit awarding attorney's fees to an attorney-spouse under Title VII of the Civil Rights Act of 1964). We find these decisions persuasive.

**[8]** Extending *Kay* to attorney-spouses would not further the overall purposes of § 1988. There are times when an

---

**⁴**Parents' special role under the IDEA carries over to that statute's attorney's fee provision, which makes parents the direct beneficiaries of fee awards. *See* 20 U.S.C. § 1415(i)(3)(B)(i) (providing for an "award [of] reasonable attorneys' fees . . . to a prevailing party *who is the parent* of a child with a disability" (emphasis added)).

attorney-spouse may be the only attorney, or the best attorney, available to the plaintiff. Were fees categorically barred in such cases, a meritorious claim might not be brought at all, or it might be brought with counsel who is, though more "independent" than the plaintiff's spouse, less effective. We do not believe that § 1988 mandates those results, or that such results could be harmonized with the purpose of § 1988 "to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p. 1 (1976)). We see no reason to presume that plaintiffs who are represented by their attorney-spouses will be "deprived of the judgment of an independent third party." *Kay*, 499 U.S. at 437. To the contrary, civil rights plaintiffs can be presumed to make "informed choice[s] as to whether [their] spouse[s] can fairly represent [their] interests." *Mahtesian*, 2004 WL 2889922, at *4.

For these reasons, we hold that a plaintiff who is represented by her attorney-spouse in a successful civil rights action may be awarded "a reasonable attorney's fee as part of the costs" under § 1988.[5]

## III.

**[9]** The district court suggested that fees might be denied for another reason — because Rickley and Roit may have acted strategically "in naming Rickley as the plaintiff and Roit as the attorney." The district court appears to have disapproved of this strategy, noting that "[b]y only naming Rickley as the plaintiff, the couple can protect their constitutional

---

[5]Because we agree with Rickley that § 1988 does not preclude an award of attorney's fees for legal services performed by an attorney-spouse, we need not address Rickley's argument that, by virtue of the Defense of Marriage Act (DOMA), Pub. L. No. 104-199, § 3(a), 110 Stat. 2419 (1996), 1 U.S.C. § 7, she and Roit are not "spouses" for purposes of § 1988.

rights and their property rights, as well as receive attorney's fees for doing so." The County urges us to affirm on this basis, describing the "contrived proxy arrangement attempted by Roit and Rickley here" as an improper attempt "to avoid the ban on attorneys' fees for self-representation announced in *Kay*." County's Answering Brief 24.**[6]**

**[10]** We do not agree with the County's assessment. Even assuming that Rickley and Roit acted "strategically" in the manner suggested by the district court, there would have been nothing improper in doing so. It is not an end-run around *Kay* for a plaintiff to recover both damages for her injuries and attorney's fees for her attorney's legal services. *See Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005) ("To require Defendants to pay reasonable attorney's fees relevant to the prosecution of the successful claim does not create a windfall, but fulfills the Congressional purpose of § 1988(b)."). In any event, it is far from clear that Rickley would have been precluded from obtaining attorney's fees had Roit been joined as a plaintiff. *See Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30, 32 (1st Cir. 1999) (per curiam) (holding that an attorney-plaintiff was properly awarded attorney's fees under § 1988 when he represented another plaintiff in addition to himself). We therefore decline to affirm the district court's decision on the ground that Rickley and Roit could have structured their attorney-client relationship differently.

## IV.

The County does not raise on appeal its argument that Rickley should not recover attorney's fees for Roit's services because "special circumstances exist sufficient to render an award unjust." *Mendez v. Cnty. of San Bernardino*, 540 F.3d

---

**[6]**In support of this argument, the County cites an unpublished, 2006 decision of this court. The County's citation is improper under Ninth Circuit Rule 36-3(c).

1109, 1126 (9th Cir. 2008) (quoting *Thomas*, 410 F.3d at 648) (internal quotation marks omitted). The issue is therefore not preserved for remand.

## V.

For the foregoing reasons, we hold that the district court erred by denying Rickley an award of attorney's fees for Roit's legal services. It remains for the district court to determine a reasonable fee. In the district court, the County argued that Roit's hours and hourly rates were excessive and that Roit's fees should be reduced based on Rickley's limited success. The district court has not yet addressed those arguments and they are preserved for purposes of remand. We express no opinion on their merits.

### CONCLUSION

We vacate the portion of the district court's fee order denying Rickley an award of attorney's fees for Roit's services. The case is remanded for determination of a reasonable attorney's fee.

**AFFIRMED IN PART, VACATED IN PART and REMANDED.**

Costs of appeal are awarded to appellant.