**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DANIEL GEORGE CHAPMAN, <br><br> Defendant - Appellant. | No. 13-16532 <br><br> D.C. No. 2:05-cv-00531-PMP-GWF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted May 15, 2015[**]
San Francisco, California

Before: N.R. SMITH and OWENS, Circuit Judges, and COLLINS,[***] Chief
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Raner C. Collins, Chief District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

Daniel Chapman, an attorney appearing pro se, appeals the district court's order denying his application for attorney's fees under the Equal Access to Justice Act ("EAJA"). In the underlying action, Chapman (also appearing pro se) prevailed against the U.S. Securities and Exchange Commission ("SEC") in a securities fraud case, charging that Chapman entered into a scheme to manipulate the market for the stock of Exotics.com.

1.  The district court did not err in denying Chapman attorney's fees. In *Kay v. Ehrler*, the Supreme Court determined that pro se attorney-plaintiff litigants could not recover attorney's fees. 499 U.S. 432, 435-38 (1991). It reasoned that (a) the term attorney's fees "assumes an agency relationship" between an attorney and a client, and (b) awarding fees only when there is an independent attorney-client relationship, encourages "potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." *Id.* at 436-37. Applying *Kay*, we then determined that all pro se litigants (including attorneys) are not entitled to attorneys' fees under fee-shifting statutes, such as the EAJA. *See Elwood v. Drescher*, 456 F.3d 943, 946-47 (9th Cir. 2006). Nothing in our decision in *Rickley v. County of Los Angeles*, 654 F.3d 950 (9th Cir. 2011), altered this rule. *Rickley* allowed recovery of fees in the circumstances where an attorney-spouse represented the litigant. *Id.* at 956. Here, Chapman appeared pro se. He did not

represent his former firm (a non-party), *see Sw. Marine, Inc. ex rel. Universal Painting & Sandblasting Corp. v. United States*, 43 F.3d 420, 421-23 (9th Cir. 1994), or his former partner (who also appeared pro se).  Thus, we conclude that Chapman is not entitled to receive attorney's fees under the EAJA.

2.      Because we conclude that Chapman is not entitled to attorney's fees under the EAJA, we need not address the other issues raised on appeal of net worth and substantial justification.

The district court's finding of no bad faith was not clearly erroneous.  *See Cazares v. Barber*, 959 F.2d 753, 754 (9th Cir. 1992).  There is no evidence that the SEC engaged in "reckless conduct" "combined with . . . frivolousness, harassment, or an improper purpose."  *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008) (internal quotation marks omitted).

We further do not address whether the two pre-trial motions to dismiss were appealable.  The issue is moot, either because (a) Chapman prevailed at trial, or (b) it was raised only to support his claim that the SEC's position was not substantially justified.

**AFFIRMED**.

3