**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JON E. FRUDDEN, as parent and guardian of his minor child Jane Doe, and K.F.,* <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> KAYANN PILLING, individually, and in her official capacity as the Principal of Roy Gomm Elementary School and as an executive director of the Roy Gomm Elementary School Parent-Faculty Association, Inc; et al., <br><br> Defendants-Appellees. | No. 18-15704 <br><br> D.C. No. 3:11-cv-00474-RCJ-WGC <br><br> MEMORANDUM** |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 26, 2020***
Las Vegas, Nevada

---

\* Plaintiffs'-Appellants' Motion to Substitute Real Party in Interest K.F., Now an Adult, as a Named Plaintiff-Appellant is GRANTED insofar as it seeks to add K.F. as a named Plaintiff-Appellant. The Clerk shall amend the docket to reflect the substitution.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Plaintiffs-Appellants Jon E. Frudden, on behalf of his minor child Jane Doe, and K.F., his son, who has now reached the age of majority, appeal the district court's order denying their motion for attorney's fees under 42 U.S.C. § 1988. We affirm.

The Fruddens sued their children's elementary school and school officials, challenging the school's uniform policy under 42 U.S.C. § 1983. In their initial complaint, both Jon Frudden and Mary Frudden were individual plaintiffs and asserted their own claims in addition to claims on behalf of their minor children. Mary, a licensed attorney, represented the family pro se.

The district court dismissed their claims. *Frudden v. Pilling (Frudden I)*, 842 F. Supp. 2d 1265, 1282 (D. Nev. 2012). The Fruddens appealed only one claim: that the school's uniform policy violated the free speech rights of their minor children under the First Amendment. We reversed and remanded, holding that strict scrutiny applied to the uniform policy. *Frudden v. Pilling (Frudden II)*, 742 F.3d 1199, 1208 (9th Cir. 2014).

---

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

On remand, the Fruddens filed a second amended complaint. They asserted only one claim in the second amended complaint: a free speech claim on behalf of the Frudden children. The only plaintiff in the action was "Jon Frudden, as parent and guardian of his minor children, John Doe and Jane Doe." The second amended complaint included no claims asserting the individual rights of Jon or Mary. Mary represented the Fruddens before the district court and in subsequent appeals.

The district court held that the school uniform policy survived strict scrutiny, *Frudden v. Pilling (Frudden III)*, No. 3:11–cv–00474–RCJ–VPC, 2015 WL 540206, at *8 (D. Nev. Feb. 10, 2015), and we reversed in substantial part, *Frudden v. Pilling (Frudden IV)*, 877 F.3d 821, 833 (9th Cir. 2017). We transferred the Fruddens' request for attorney's fees on appeal to the district court.

The district court denied the request on the ground that attorney parents representing the interests of their minor children are not entitled to fees under 42 U.S.C. § 1988. We agree.

The Supreme Court has held that pro se litigants may not recover attorney's fees under 42 U.S.C. § 1988, because Congress's intent in providing for attorney's fees was to encourage litigants to obtain the counsel of an independent third party. *Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991). Relying on *Kay*, we held that the "virtually identical" fee shifting provision of the Individuals with Disabilities

3

Education Act, 20 U.S.C. § 1415, did not allow an attorney parent to recover attorney's fees in an action asserting the rights of the attorney's minor child. *Ford v. Long Beach Unified Sch. Dist.*, 461 F.3d 1087, 1090–91 (9th Cir. 2006).

As in the case of a pro se litigant, a minor child represented by a parent does not benefit from "the judgment of an *independent* third party." *Id.* at 1090 (quoting *Kay*, 499 U.S. at 437). Unlike an adult relative, a child cannot make an "informed choice as to whether [a parent] can fairly represent [the child's] interests." *Rickley v. County of Los Angeles*, 654 F.3d 950, 956 (9th Cir. 2011) (citation omitted); *see Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). The Fruddens therefore may not recover attorney's fees for Mary's work representing her minor children.

The Fruddens also contend that Jon has standing to proceed as a plaintiff in his individual capacity in this case, and that he should therefore be allowed to recover fees for Mary's work representing him. We need not decide whether Jon may have been able to assert claims on his own behalf, because he and Mary abandoned any claims on their own behalf after their first appeal. The operative complaint in this case asserted only a claim on behalf of the Frudden children for a violation of the children's free speech rights. A change to the case caption at this

late stage has no bearing on whether the Fruddens may recover fees for an earlier appeal.

**AFFIRMED.**