# United States Court of Appeals for the Federal Circuit

---

**DANIEL HAGGART, KATHY HAGGART, HUSBAND AND WIFE, FOR THEMSELVES AND AS REPRESENTATIVES OF A CLASS OF SIMILARLY SITUATED PERSONS, GORDON ARTHUR WOODLEY, PERSONAL COUNSEL FOR KITTINGER DEED CLAIMANTS, WESTPOINT PROPERTIES, LLC, C/O FARAMARZ GHODDOUSSI, CLEVELAND SQUARE, LLC, RC TC MERIDIAN RIDGE, LLC, TWOSONS LLC, GRETCHEN CHAMBERS, WILLIAM AMES, DENNIS J. CRISPIN, DEBLOIS PROPERTIES LLC, C/O DAVID AND DEBRA DEBLOIS, STAR EVANS, MICHAEL B. JACOBSEN, FRANCES JANE LEE, SUSAN B. LONG, CLAUDIA MANSFIELD, FREDERICK P. MILLER, SUSAN L. MILLER, PBI ENTERPRISES, LLC, MICHAEL G. RUSSELL, ELANA RUSSELL, JAMES M. SATHER, KELLY J. SATHER, JAMES E. STRANG, D. MICHAEL YOUNG, JULIA H. YOUNG, MOLLY A. JACOBSEN, LESLIE MILSTEIN, ALISON L. WEBB, PATRICIA STRANG,**
*Plaintiffs*

**DENISE LYNN WOODLEY,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2021-1660

―――――――――――

Appeal from the United States Court of Federal Claims in No. 1:09-cv-00103-CFL, Senior Judge Charles F. Lettow.

―――――――――――

Decided:  June 22, 2022

―――――――――――

GORDON ARTHUR WOODLEY, Bellevue, WA, argued for plaintiff-appellant.

BRIAN C. TOTH, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by TODD KIM.

―――――――――――

Before PROST, REYNA, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

In 2009, the United States Court of Federal Claims (Claims Court) certified a class of landowners seeking just compensation from the United States under the Fifth Amendment to the Constitution for what they alleged was a government taking of their property.  Two of the class members are spouses Denise and Gordon Woodley, who sought compensation for taking of property they jointly own as community property.  After approval of a settlement agreement that required payment of compensation to the class under the Uniform Relocation Assistance and Real Property Acquisition Policies Act (URA), 42 U.S.C. § 4654(c), the Woodleys sought attorney's fees for work performed by counsel they jointly hired.  The Claims Court awarded those fees, which are not at issue here.

What is at issue is a motion filed separately by Denise Woodley for fees and expenses.  In the motion, she sought

attorney's fees for work performed by her attorney-spouse, Gordon Woodley, joint owner of the property at issue and co-plaintiff in the case, explaining that he was one of her lawyers throughout the proceeding, and she also sought to recoup certain expenses. The Claims Court denied the motion, reasoning that pro se litigants cannot recover attorney's fees and expenses and that the work of Gordon Woodley, as a co-plaintiff and joint owner of the property at issue, was pro se and thus not compensable. *Haggart v. United States*, 149 Fed. Cl. 651, 661–62 (2020) (*Claims Court Op.*); *Haggart v. United States*, 151 Fed. Cl. 58, 65–66 (2020) (*Reconsideration Decision*).

Denise Woodley appeals. We affirm the Claims Court's determination that she is not entitled to attorney's fees for the legal work performed by her attorney-spouse in this case. But we vacate the court's determination that she is not entitled to any expenses on that basis, and we remand for a determination of the proper reimbursement, if any, of the claimed expenses.

I

In 2009, the Claims Court certified a class of landowners who owned property along a railroad corridor, in the State of Washington, that was converted to a recreational trail under the National Trails System Act. *See Haggart v. Woodley*, 809 F.3d 1336, 1340–41 (Fed. Cir. 2016) (*Haggart II*).[1] Denise and Gordon Woodley, who jointly owned property along the railroad, were members of the class seeking

---

[1]    The procedural history of this case is extensive. *E.g.*, *Haggart v. United States*, 116 Fed. Cl. 131 (2014) (*Haggart I*), *vacated and remanded sub nom. Haggart v. Woodley*, 809 F.3d 1336 (Fed. Cir. 2016) (*Haggart II*); *Haggart v. United States*, 136 Fed. Cl. 70 (2018) (*Haggart III*), *aff'd*, 943 F.3d 943 (Fed. Cir. 2019) (*Haggart IV*). We note only relevant aspects here.

just compensation for the alleged taking.  Counsel was appointed to represent the class; in addition, Gordon Woodley, an attorney, represented a subclass of claimants from late 2009 until early 2014, a representation recognized in a fee-sharing agreement he had with class counsel.

In late 2013, class counsel and the government reached a tentative settlement agreement, under which the class would receive $110 million in principal plus 4.2% interest and $2.58 million for attorney's fees.  *Haggart II*, 809 F.3d at 1342.  Class counsel filed a motion seeking to be paid a 30% contingent fee as well, to come out of the principal and interest under the common fund doctrine.  *Id*. at 1341 & n.4.  The Woodleys objected to that request and also to having been denied access to the appraisal data that class counsel was using to calculate each claimant's share of the principal.  *Id*. at 1342.  The Claims Court rejected the Woodleys' challenges and approved the settlement agreement and a contingent fee award of approximately $33 million, representing roughly 24% of the common fund.  *Id*. at 1356 & n.20.

The Woodleys appealed.  They filed an informal opening brief in this court, proceeding pro se, U.S. Appx. 132–55, but they subsequently hired David Frederick and his firm to represent them, U.S. Appx. 191–93. We vacated the Claims Court's decision.  We held that the award to class counsel of a substantial portion of the class's compensation was impermissible under the URA and that the Woodleys were entitled to see certain documents relevant to the calculation of each class member's compensation, and we remanded for further proceedings.  *Haggart II,* 809 F.3d at 1351, 1359.

On remand, the Claims Court ultimately approved an agreement consistent with our ruling.  *Haggart III*, 136 Fed. Cl. at 81.  We affirmed.  *Haggart IV*, 943 F.3d at 952.  The government then paid the principal, interest, and fees pursuant to the settlement agreement.

At that point, the Claims Court entertained additional motions for attorney's fees.  One such motion, filed by the Woodleys together, sought more than $1 million for reimbursement of fees and costs they incurred to Mr. Frederick and his firm beginning in February 2015.  A second motion, filed by Denise Woodley separately, sought an additional payment of roughly $371,800, mostly for attorney's fees covering legal work by Gordon Woodley (through his law firm, Woodley Law) from February 2014 to February 2020. Applicant Denise Lynn Woodley's Brief in Support of Receiving her URA Expenses at 4–5, *Haggart v. United States*, No. 1:09-cv-00103-CFL (Fed. Cl. Feb. 28, 2020), ECF No. 353–1.  That motion also sought reimbursement of $10,674.16 in expenses—a $505 Federal Circuit filing fee paid in June 2014 (in the Woodleys' first appeal), a $169.16 fee for URA legislative history research conducted by a third party, and a $10,000 appraisal fee to assess the value of the property taken.

The Claims Court, while awarding attorney's fees to the Woodleys for the work of Mr. Frederick and his firm, denied Denise Woodley's request for fees for her husband's legal work starting in February 2014.  *Claims Court Op.*, 149 Fed. Cl. at 661–62.  The Claims Court explained that fee-shifting statutes such as the URA generally do not allow pro se litigants to recover legal fees and costs, and it denied Denise Woodley's request on two bases: first, the Woodleys, throughout the litigation, "referred to themselves as *pro se* litigants"; and second, the underlying takings claim concerned property jointly owned by the Woodleys, and so Gordon Woodley, in all his actions representing the interests of his wife, was "simultaneously representing his own interests [as a co-plaintiff] on a *pro se* basis." *Id.* at 662.  Denise Woodley sought reconsideration of that decision and submitted supplemental documentation to show fees to Woodley Law for more than $473,700 through October 2020.  The court denied reconsideration, *Reconsideration Decision*, 151 Fed. Cl. at 65–66, while

increasing the fee award to the Woodleys for the work of Mr. Frederick and his firm, *id.* at 67.

The Claims Court issued a final judgment on August 13, 2020. Denise Woodley timely appealed that judgment. The Claims Court issued an amended final judgment on November 25, 2020, and Denise Woodley timely transmitted an amended notice of appeal. The appeal is limited to the denial to Denise Woodley of (1) fees for Gordon Woodley's legal work from 2014 to 2020 and (2) reimbursement of certain expenses. We have jurisdiction over her appeal under 28 U.S.C. § 1295(a)(3).

## II

This court reviews the Claims Court's ruling on attorney's fees for an abuse of discretion, a review that includes de novo resolution of underlying legal issues. *See Biery v. United States,* 818 F.3d 704, 710 (Fed. Cir. 2016). Denise Woodley claims entitlement to the fees at issue under the URA, which provides:

> The court rendering a judgment for the plaintiff in a proceeding brought under section 1346(a)(2) or 1491 of title 28, awarding compensation for the taking of property by a Federal agency, or the Attorney General effecting a settlement of any such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will in the opinion of the court or the Attorney General reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

42 U.S.C. § 4654(c). We see no legal error or other abuse of discretion in the Claims Court's rejection of Denise Woodley's request for fees under this provision.

It is accepted here that, under the URA as more generally, a pro se litigant who is not an attorney cannot collect attorney's fees. *See, e.g.*, *Kay v. Ehrler*, 499 U.S. 432, 435–36 & n.5 (1991) (in non-URA context, adopting, and noting multi-circuit agreement on, denial of fees to non-attorney pro se litigants); *Naekel v. Dep't of Transportation*, 845 F.2d 976, 980–81 (Fed. Cir. 1988) (denying fees to non-attorney pro se litigant under Back Pay Act and Equal Access to Justice Act (EAJA)).  Importantly for the present case, the Supreme Court extended that principle to an *attorney* pro se litigant in *Kay v. Ehrler*, denying fees for civil-rights cases covered by the authorization of "a reasonable attorney's fee" in 42 U.S.C. § 1988.  499 U.S. at 433, 437–38.  The Court noted that "the word 'attorney' assumes an agency relationship, and it seems likely that Congress contemplated an attorney-client relationship as the predicate for an award under § 1988." *Id.* at 435–36 (footnotes omitted).  And the Court explained that "[t]he statutory policy of furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain [independent] counsel" and "[a] rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever such a plaintiff considered himself competent to litigate on his own behalf." *Id.* at 438.

The rationale of *Kay* is not limited to § 1988, but has been applied to other fee provisions. *See, e.g.*, *Kooritzky v. Herman*, 178 F.3d 1315, 1317–21 (D.C. Cir. 1999) (denying fees to attorney-litigant under EAJA, overruling pre-*Kay* circuit precedent); *Burka v. U.S. Dep't of Health & Human Services*, 142 F.3d 1286, 1289–90 (D.C. Cir. 1998) (denying fees to attorney-litigant under Freedom of Information Act (FOIA)); *Ray v. U.S. Dep't of Justice*, 87 F.3d 1250, 1251–52 (11th Cir. 1996) (applying *Kay* to FOIA fees provision). And we have reached the same result under a provision not sharing the policy recited in *Kay*—namely, Federal Rule of

Civil Procedure 37, which authorizes recovery of "reasonable expenses incurred in making" a motion regarding discovery misconduct. *Pickholtz v. Rainbow Technologies, Inc.*, 284 F.3d 1365, 1375–76 (Fed. Cir. 2002). We relied in *Pickholtz* on the "incurred" language, concluding that "one cannot 'incur' fees payable to oneself." *Id.* at 1375; *see also Massengale v. Ray*, 267 F.3d 1298, 1302–03 (11th Cir. 2001) (same for Federal Rule of Civil Procedure 11).

Denise Woodley makes essentially two arguments for the requested URA fees here. First, she argues that the URA should be distinguished from other fee statutes because the URA was enacted with the purpose of making litigants whole. Second, she argues that, even if the *Kay* principle applies to the URA, it should not apply to her in this case because she was not a pro se litigant. We address those assertions in turn.

A

We see no sound reason to read the URA's fee provision to authorize an attorney pro se litigant to receive attorney's fees when 42 U.S.C. § 1988 and other fee-shifting statutes do not. For purposes of calculating the amount of a reasonable attorney's fee under the URA, we have concluded that "[n]othing in the language or legislative history of the URA suggests that it should receive a different construction than other fee-shifting statutes." *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012). Here, with regard to allowing fees to attorney pro se litigants, we similarly have been pointed to nothing in the statutory language or legislative history that persuasively distinguishes other fee-shifting statutes for which such fees have been held unavailable.

Denise Woodley points to this court's observation in *Haggart II*—where we rejected the contingent-fee award to be taken out of the class recovery—that "the URA provision was expressly enacted with the primary purpose of rendering property owners whole." 809 F.3d at 1359. But a make-

whole purpose does not make the URA relevantly different from other statutes where pro se representation is not compensable.  In *Kay* itself, the Supreme Court referred to legislative history reciting recognition of the elementary economic fact that "private citizens needed fee-shifting provisions to be made whole again."  *Kay*, 499 U.S. at 436 n.8 (citation omitted).  Similarly, in *Naekel*, we explained that, although the Back Pay Act was enacted with the purpose of "mak[ing] the wronged employee reasonably financially whole," such a legislative purpose does not mean that pro se litigants may receive fees for their own expenditures of time and energy representing themselves in litigation to secure the back-pay remedy—whose net benefit is necessarily reduced by those expenditures.  845 F.2d at 979–80.

Nor is a different outcome on this issue supported by the fact that the URA uses "shall" in its fee provision, as quoted above, whereas § 1988 and some other fee statutes use "may."  *See* 42 U.S.C. § 1988; 5 U.S.C. § 552(a)(4)(E) (FOIA).  The Court in *Kay* did not rely on (or even discuss) the discretion inherent in "may" in its holding that a pro se litigant may not recover attorney's fees; it categorically barred pro se litigants, as a class, from recovering attorney's fees for time spent pursuing their own cases.  Moreover, both this court, before *Kay*, and the D.C. Circuit, after *Kay*, held pro se litigants barred from receiving fees under the EAJA fee provision, which provides that fees "shall" be awarded where the standards are met.  28 U.S.C. § 2412(d)(1)(A); *see Naekel*, 845 F.2d at 981; *Kooritzsky*, 178 F.3d at 1320–21.  Accordingly, we conclude that the rule of *Kay* applies to the URA.

B

We also affirm the Claims Court's application of that rule to this case.  The underlying claim in this case is about the taking of a property interest that is owned jointly by the Woodleys together as community property, and they pursued that essentially unitary claim jointly, as co-

plaintiffs, in the litigation.  Based on the community-property law of Washington, the government contends that "the Woodleys share the property that is the subject of the litigation in which they are both plaintiffs," "[Denise] Woodley has no legal claim distinct from [Gordon] Woodley's claim, and they shared the same compensation."  U.S. Br. 38. Denise Woodley does not contest those premises in her opening brief or reply brief.[2]  On those premises, *Kay* is sensibly applied to treat the representation pursuing the essentially unitary claim as pro se representation on behalf of the joint owners: in this situation, an "attorney" who can be compensated under *Kay* must be independent of the joint-owner unit.

The Claims Court properly so held.  It explained that the Woodleys' "underlying claim concerns property jointly owned by them" and thus, "while Mr. Woodley may have assumed the role of representing his wife, he could only do so by simultaneously representing his own interests on a *pro se* basis." *Claims Court Op.,* 149 Fed. Cl. at 662.  Those determinations reflect the uncontested premises defining the nature of the joint interest and claim.  And they justify the Claims Court's application of *Kay* to bar the fee claim here.

Denise Woodley argues otherwise by relying on *Rickley v. County of Los Angeles*, 654 F.3d 950 (9th Cir. 2011).  The background fact in *Rickley* was that a married couple had filed complaints with the County of Los Angeles concerning building and safety violations affecting their jointly-owned property, but the *Rickley* case did not involve a property claim, let alone a joint claim about that property.  *Id.* at

---

[2]    There has been no suggestion in this appeal that the takings compensation awarded was only for Denise Woodley's share of the property.  Nor has it been suggested to us that the Woodleys' interests in the property could have been severed to yield distinct legal claims.

951–52.  Rather, after the County allegedly harassed the couple in retaliation for the complaints, Rickley, as sole plaintiff, brought an action against the County under 42 U.S.C. § 1983, and Rickley's spouse served as her attorney. *Id.* at 952.  When Rickley succeeded in her § 1983 suit, she sought attorney's fees for work performed by her spouse, and the Ninth Circuit held that *Kay* did not bar an award of such fees, stating that "a plaintiff who is represented by her attorney-spouse in a successful civil rights action may be awarded 'a reasonable attorney's fee as part of the costs' under § 1988."  *Id.* at 956; *see also id.* ("There are times when an attorney-spouse may be the only attorney, or the best attorney, available to the plaintiff.").

The *Rickley* conclusion does not apply to the materially different circumstances here.  Rickley was a sole plaintiff suing for her own, distinct injury—and that was so even if Rickley's (non-plaintiff) attorney-spouse might have suffered a separate injury of the same character arising out of action directed at both spouses. *Id.* at 952.  In contrast, the claim in this case asserts, for both spouses as plaintiffs, a joint claim for compensation for loss of jointly owned community property.  Finding *Kay* to govern this situation is not to question the general principle articulated in *Rickley* that spouse attorneys are not categorically excluded from a fee award by *Kay*.[3]

Further, the record in this case does not demonstrate the existence of an attorney-client relationship between Denise and Gordon Woodley.  As in *Kay*, the word

---

[3]    Nor is it to question the First Circuit's recognition that *Kay* does not bar an award of fees to a prevailing plaintiff under § 1988 just because the representation is provided by a co-plaintiff who is an attorney, in a situation where the plaintiffs were not pursuing a joint property claim.  *Schneider v. Colegio de Abogados de Puerto Rico*, 187 F.3d 30, 32 (1st Cir. 1999).

"attorney" in the URA indicates that Congress contemplated an attorney-client relationship for awarding fees. *See* 499 U.S. at 435–36; 42 U.S.C. § 4654(c). But as the Claims Court noted, "the Woodleys have in the past referred to themselves as *pro se* litigants." *Claims Court Op.*, 149 Fed. Cl. at 662. And Denise Woodley did not refer to Gordon Woodley as her attorney in the Claims Court. U.S. Appx. 89–90. Nor does the unsigned agreement provided by the Woodleys suffice to show the existence of an attorney-client relationship. Woodley Appx. 260. This is contrary to *Rickley*, where it was clear that an attorney-client relationship existed between the plaintiff and her spouse attorney. 654 F.3d at 956–57. We cannot conclude the same about the Woodleys in this case.

For those reasons, we agree with the Claims Court's denial of fees to Denise Woodley under the *Kay* rule about pro se representation, applied to the URA. We need not and do not reach a dispute between the parties about whether Denise Woodley "actually incurred"—in the language of the URA—an obligation to pay attorney's fees to Gordon Woodley. And we see no developed argument for any non-URA basis for the fee award that Denise Woodley seeks. We therefore affirm the denial of fees.

III

We reach a different conclusion about Denise Woodley's argument that she is entitled to reasonable expenses, independent of her recovery of attorney's fees. Woodley's Opening Br. 22. Denise Woodley has sought (here and in the Claims Court) recovery for three expenses assertedly incurred during the litigation: (1) the cost of obtaining an appraisal of the property at issue; (2) the Woodleys' filing fee in their 2014 pro se appeal to this court, challenging the size of class counsel's contingent fee; and (3) a fee for URA legislative-history research, paid to a third party.

The URA provides that a court shall award "reasonable costs,       disbursements,       and       expenses,       including

reasonable . . . appraisal . . . fees, actually incurred" because of the proceeding.  42 U.S.C. § 4654(c).  The Claims Court undertook no independent analysis of the reasonableness of the claimed expenses, but denied them simply as "related legal costs" along with the attorney's fees sought. *Claims Court Op.*, 149 Fed. Cl. at 661–62.  The statute, however, treats fees and expenses separately, and the government has pointed to no authority establishing that pro se litigants may not recover their reasonable expenses.  In particular, *Kay* does not support such a proposition; the Court in *Kay* acknowledged that the pro se petitioner had requested and recovered expenses, and the appeal concerned only the denial of attorney's fees.  499 U.S. at 434 n.3.  And this court explained in *Naekel* that recovery of reasonable expenses under the fee-shifting provision of the EAJA, which provides for a reimbursement of costs "incurred," is "not dependent on whether [petitioner] was representing himself."  845 F.2d at 981; *see also Pickholtz*, 284 F.3d at 1371, 1374 (noting that the district judge allowed recovery for a pro se litigant's out-of-pocket expenses under Fed. R. Civ. P. 37, and only the fees issue was on appeal).

We hold that Denise Woodley may recover reasonable expenses even though she may not recover the attorney's fees she seeks for Gordon Woodley's work.  We vacate the denial of the claimed expenses and remand so that the Claims Court can address the reasonableness of the three expenses for which she seeks reimbursement.[4]

---

[4]    We understand Denise Woodley's appeal before us to argue for post-judgment interest on any award of fees or expenses—"from August 13, 2020, the date on which the correct judgment should have been entered."  Woodley's Opening Br. 34–35 (footnote omitted).  Although the Claims Court rejected an entitlement to interest, it did so in discussing a fee award and without a clear focus on post-judgment interest.  *Reconsideration Decision*, 151 Fed. Cl.

## IV

For the foregoing reasons, we affirm the district court's denial of Denise Woodley's motion for attorney's fees for Gordon Woodley's work.  We vacate the denial of the request for recovery of her reasonable expenses.  We remand for further proceedings consistent with this opinion.

The parties shall bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, AND RE-MANDED**

---

at 65–66.  On remand, the Claims Court, if it awards expenses, should consider any properly preserved request for interest.