NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANIEL HAGGART, ET AL.**
*Plaintiffs*

**DENISE L. WOODLEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1256

---

Appeal from the United States Court of Federal Claims in No. 1:09-cv-00103-CFL, Senior Judge Charles F. Lettow.

---

Decided:  January 7, 2026

---

GORDON ARTHUR WOODLEY, Bellevue, WA, argued for plaintiff-appellant.

ALLEN M. BRABENDER, Appellate Section, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by TODD KIM.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PROST, *Circuit Judge*.

Denise L. Woodley appeals a decision of the U.S. Court of Federal Claims denying her requests for monetary relief on post-judgment interest, appellate expenses, and attorney's fees. *Haggart v. United States*, 168 Fed. Cl. 148 (2023) ("*CFC Decision*"). For the following reasons, we affirm.

## BACKGROUND

The facts of this case are set forth in detail in our previous decision. *Haggart v. United States*, 38 F.4th 164 (Fed. Cir. 2022) ("*CAFC Decision*"). The pertinent facts are as follows. Denise Woodley and her husband, Gordon A. Woodley, as members of a class, reached a settlement agreement with the government awarding them compensation for the taking of their property. Subsequently, the Woodleys filed motions for attorney's fees and expenses at the Court of Federal Claims under the Uniform Relocation Assistance and Real Property Acquisition Policies Act ("URA"), 42 U.S.C. § 4654(c). The Court of Federal Claims awarded attorney's fees for work performed by counsel they jointly hired but denied Denise Woodley's motion for attorney's fees for work performed by her attorney-spouse, Gordon Woodley, and to recover certain expenses. Those expenses were: (1) the cost of obtaining an appraisal of the property at issue; (2) the Woodleys' filing fee in their 2014 pro se appeal to this court; and (3) a fee for URA legislative-history research paid to a third party. She appealed her denied motion.

On appeal, we affirmed the decision of the Court of Federal Claims declining to award attorney's fees for work performed by Gordon Woodley. We concluded that "[w]e see no sound reason to read the URA's fee provision to authorize an attorney pro se litigant to receive attorney's fees

when . . . other fee-shifting statutes do not." *CAFC Decision*, 38 F.4th at 169.  We, however, vacated the denial of recovery for her three expenses and remanded for determination as to reasonableness of these expenses.  We held that "Denise Woodley may recover reasonable expenses even though she may not recover the attorney's fees she seeks for Gordon Woodley's work." *Id.* at 171.  We also stated in a footnote that "[o]n remand, the [Court of Federal Claims], if it awards expenses, should consider any properly preserved request for interest." *Id.* at 171 n.4.

On remand, the government did not contest the reasonableness of the three expenses.  Denise Woodley, however, made new requests for monetary relief in addition to the three expenses and post-judgment interest on those expenses.  Specifically, she added (1) post-judgment interest on the awarded attorney's fees for work done by counsel the Woodleys jointly hired; (2) expenses she allegedly incurred during her recent appeal to the Federal Circuit; and (3) attorney's fees for work performed by Gordon Woodley during her recent appeal to the Federal Circuit and anticipated on remand to the Court of Federal Claims.  The Court of Federal Claims granted Denise Woodley's request for recovery of the three specific expenses addressed by the Federal Circuit in her appeal.  The court, however, denied her request for post-judgment interest on those expenses as well as her three additional requests. *See CFC Decision*, 168 Fed. Cl. at 156–60.

Denise Woodley timely appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

"This court reviews legal conclusions by the Court of Federal Claims de novo and factual findings for clear error." *Casitas Mun. Water Dist. v. United States*, 708 F.3d 1340, 1351 (Fed. Cir. 2013).  "We review the Court of Federal Claims' attorney fee determination for an abuse of

discretion." *Biery v. United States*, 818 F.3d 704, 710 (Fed. Cir. 2016).

On appeal, Denise Woodley argues that the Court of Federal Claims (1) incorrectly determined that she was not entitled to post-judgment interest on her three expenses; and (2) incorrectly denied her additional requests for monetary relief. We address each argument in turn.

First, we agree with the Court of Federal Claims that the no-interest rule bars recovery of post-judgment interest on Denise Woodley's three expenses. Under the no-interest rule, "[i]nterest may not be recovered against the government in the absence of an explicit waiver of sovereign immunity for that purpose." *Alaska Airlines, Inc. v. Johnson*, 8 F.3d 791, 798 (Fed. Cir. 1993). "[T]he waiver [of] sovereign immunity for interest must be distinct from a general waiver of immunity for the cause of action resulting in the damages award against the United States." *Marathon Oil Co. v. United States*, 374 F.3d 1123, 1126–27 (Fed. Cir. 2004). As the Court of Federal Claims explained, "[a]lthough statutes can waive interest immunity, neither the URA nor 28 U.S.C. § 1961(c) waives interest immunity in this case." *CFC Decision*, 168 Fed. Cl. at 158.

Second, we agree with the Court of Federal Claims' decision denying Denise Woodley's additional requests for monetary relief. *See id.* at 159–60. Specifically, (a) regarding post-judgment interest on attorney's fees, as explained above, neither the URA nor 28 U.S.C. § 1961(c) waives the government's post-judgment interest immunity; (b) the mandate rule prohibits recovery of her appellate expenses because this court decided that issue when we stated in our opinion and order that "the parties shall bear their own costs," *CAFC Decision*, 38 F.4th at 172; and (c) the mandate rule prohibits recovery of attorney's fees for work performed by Gordon Woodley during her appeal and on remand because that issue was already decided on appeal when we upheld the Court of Federal Claims' reasoning

regarding recovery of attorney's fees by pro se litigants for time spent pursuing their own interests.

Accordingly, we affirm the Court of Federal Claims' decision denying Denise Woodley's requests.

CONCLUSION

We have considered Denise Woodley's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**